IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAUER INCORPORATED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:08-92 |
| ) | JUDGE KIM R. GIBSON |
| HONEYWELL BUILDING SOLUTIONS ) | |
| SES CORPORATION, *f/d/b/a* SEMPRA ) | |
| ENERGY SERVICES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER OF COURT

### I. SYNOPSIS

This matter comes before the Court on the Motion to Disqualify Counsel (Doc. No. 53) filed by Defendant Honeywell Building Solutions SES Corporation ("Defendant") seeking to disqualify the law firm Cohen Seglias Pallas Greenhall & Furman PC ("Cohen Seglias") from further representing Plaintiff Sauer Incorporated ("Plaintiff") in this case. Plaintiff opposes the motion. (See Doc. No. 58). For the reasons that follow, the Court will **DENY** Defendant's motion.

### II. JURISDICTION AND VENUE

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a). Venue is proper under 28 U.S.C. § 1391(a).

### III. BACKGROUND

This case stems from a contractual dispute which arose between the parties during a construction project undertaken in Johnstown, Pennsylvania for the Conemaugh Valley Memorial Hospital. Plaintiff initially filed suit in the Court of Common Pleas of Cambria County to recover damages from Defendant under contract and the Pennsylvania Contract and

1

Subcontractor Payment Act, 73 P.S. § 501, *et seq.*, and for unjust enrichment. Defendant removed the case to this Court on April 14, 2008, (see Doc. No. 1), and discovery commenced.

On June 1, 2009, Defendant filed a motion for summary judgment (Doc. No. 24), which the Court granted with regards to any claims based on conduct occurring on or before December 20, 2006, but denied in all other respects. (See Doc. No. 36). Thereafter, Plaintiff filed a motion for reconsideration (Doc. No. 38) of this Court's summary judgment order, which the Court granted on August 12, 2011 "as to the controversy over the $1,086,432.93 claimed by Plaintiff to be due, as described in Change Order Request #13[.]" (Doc. No. 51 at 1).

On August 31, 2011, Defendant filed the instant motion (Doc. No. 53) to disqualify Plaintiff's law firm, Cohen Seglias, from continuing to represent Plaintiff in this matter. In its motion, Defendant claims that two attorneys who worked for Defendant on this case—Jim O'Connor ("O'Connor") and Patrick Sorek ("Sorek")—"switched sides" in the middle of the lawsuit and began working for Cohen Seglias. (See Doc. No. 54 at 1). Defendant argues that: (1) this switch created a conflict of interest under Rule 1.9 of the Pennsylvania Rules of Professional Conduct; (2) this conflict is imputed to Cohen Seglias under Rule 1.10 because it failed to provide written notice of the conflict to Defendant or adequately screen O'Connor and Sorek from this case; and (3) Cohen Seglias should be disqualified as a result. (See *id.* at 9).

Plaintiff, in turn, contends that Defendant waived its right to move for disqualification because Defendant learned of the alleged conflict on November 19, 2010, but did not file the instant motion to disqualify for over nine months. (See Doc. No. 59 at 1). Alternatively, Plaintiff claims that O'Conner and Sorek's limited participation in this matter as local counsel for Defendant does not justify disqualification of Cohen Seglias. (See *id.* at 2). The motion has been fully briefed, (see Doc. Nos. 54, 58, 59, 62, and 65), and is ripe for disposition.

2

## IV. LEGAL STANDARD

Defendant filed a motion to disqualify Cohen Seglias from further representing Plaintiff in this matter for an alleged conflict of interest under the Pennsylvania Rules of Professional Conduct. A district court "may disqualify an attorney only when 'disqualification is an appropriate means of enforcing the applicable disciplinary rule,' keeping in mind 'any countervailing policies, such as permitting a litigant to retain the counsel of his choice and enabling attorneys to practice without excessive restrictions.'" *Jackson v. Rohm & Haas Co.*, 366 F. App'x 342, 347 (3d Cir. 2010) (quoting *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980)); *Mumma v. Bobali Corp.*, 382 F. App'x 209, 210 (3d Cir. 2010). To disqualify opposing counsel, a movant must clearly show that continued representation by opposing counsel would be impermissible. *Buschmeier v. G&G Invs., Inc.*, Misc. No. 03mc00506, 2007 U.S. Dist. LEXIS 85444, *14 (W.D. Pa. Nov. 19, 2007) (citing *Cohen v. Oasin*, 844 F. Supp. 1065, 1067 (E.D. Pa. 1994)). Disqualification is a harsh measure which is generally disfavored by courts, and courts have an obligation to prevent parties from using disqualification motions for tactical purposes. *Id.* (citing *Commonwealth Ins. Co. v. Graphix Hot Line, Inc.*, 808 F. Supp. 1200, 1203 (E.D. Pa. 1992)).

## V. DISCUSSION

Defendant contends that O'Connor and Sorek have a clear conflict of interest that is imputed to—and justifies the disqualification of—Cohen Seglias. Plaintiff claims that Defendant has waived its right to move for disqualification, and, alternatively, that O'Connor and Sorek's limited participation in this matter as local counsel for Defendant does not justify disqualification of Cohen Seglias. Because the Court finds that Defendant has waived its right to move for disqualification, the Court will not address the alleged conflict of interest.

Waiver is a valid basis for the denial of a motion to disqualify. *Jackson v. Rohm & Haas Co.*, Civ. A. No. 05-4988, 2008 U.S. Dist. LEXIS 65632, *6 (E.D. Pa. Aug. 26, 2008); *Javorski v. Nationwide Mut. Ins. Co.*, Civ. A. No. 3:06-CV-1071, 2006 U.S. Dist. LEXIS 81490, *22 (M.D. Pa. Nov. 6, 2006) (citations omitted); *Conley v. Chaffinch*, 431 F. Supp. 2d 494, 498 (D. Del. 2006) (citations omitted). A finding of waiver is justified when a former client was "concededly aware of the former attorney's representation of an adversary *but failed to raise an objection promptly when he had the opportunity*. In [this] circumstance, the person whose confidences and secrets are at risk of disclosure or misuse is held to have waived his right to protection from that risk." *Javorski*, 2006 U.S. Dist. LEXIS 81490 at *22 (citing *INA Underwriters Ins. Co. v. Nalibotsky*, 594 F. Supp. 1199, 1204 (E.D. Pa. 1984)) (emphasis added); *Conley*, 431 F. Supp. 2d at 499 (citations omitted).

In determining whether a party has waived the right to move for disqualification, courts consider the following factors: (1) the length of the delay in bringing the motion to disqualify; (2) when the movant learned of the conflict; (3) whether the movant was represented by counsel during the delay; (4) why the delay occurred; and (5) whether disqualification would result in prejudice to the nonmoving party. *Jackson*, 2008 U.S. Dist. LEXIS 65632 at *6; *Conley*, 431 F. Supp. 2d at 499 (quoting *Graphix Hot Line*, 808 F. Supp. at 1208)). Furthermore, courts should consider whether the movant used the motion to disqualify for tactical purposes. See *Buschmeier*, 2007 U.S. Dist. LEXIS 85444 at *14; *Jackson*, 2008 U.S. Dist. LEXIS 65632 at *6.

As applied to the instant case, these factors support the Court's finding that Defendant has waived its right to move to disqualify Cohen Seglias. With regards to the first factor, Defendant concedes that it learned of the alleged conflict of interest on November 19, 2010, (see Doc. No. 54 at 4), but did not file its motion to disqualify until August 31, 2011, over nine

4

months later. (See Doc. No. 53). Such a lengthy delay is sufficient to justify a finding of waiver. See *Liberate Techs. LLC v. Worldgate Commc'ns, Inc.*, 133 F. Supp. 2d 357, 359 (D. Del. 2001) (finding that Plaintiff waived any conflict by "wait[ing] several months to bring th[e] issue to the court's attention despite ongoing settlement talks"); *Javorski*, 2006 U.S. Dist. LEXIS 81490 at *23 (finding waiver where the defendant: (1) failed to move for disqualification in any previous action where counsel represented a client adversarial to the defendant; and (2) moved to disqualify counsel "approximately four months after filing this action"); *Conley*, 431 F. Supp. 2d at 499 (concluding that the plaintiff waived her objection to defense counsel's continued representation of the defendant where the plaintiff waited nine months to file a motion to disqualify, during which time she was represented by counsel).

Considering the second factor, by its own admission, Defendant had actual knowledge of the potential conflict on November 19, 2010. While Defendant claims Plaintiff failed to bring the potential conflict to its attention sooner, (see Doc. No. 54 at 6), such a finding would not alter the Court's analysis.

Regarding the third factor, Defendant has been represented by counsel throughout this litigation, including the nine-month delay between when Defendant learned of the potential conflict and when the instant motion to disqualify was filed. Additionally, during this delay, counsel for Defendant engaged in numerous activities recorded on the case docket without objecting to Cohen Seglias's continued representation of Plaintiff. (See Doc. No. 59 at 2-3) (listing activity).

As to the fourth factor, Defendant's purported reason for the delay was that there was "no point" in filing the motion to disqualify when it first learned of the conflict because most of Plaintiff's claims "had been defeated on summary judgment[,]" and filing the motion at that

5

stage would waste judicial resources. (See Doc. No. 54 at 16). Defendant further argues that it promptly filed its motion two weeks after one of Plaintiff's claims was "resurrected" by the Court's order on the motion for reconsideration. (*Id.*). Plaintiff, in turn, characterizes Defendant's motives as tactical and argues that Defendant's valuation of the case before and after the Court's ruling on the motion for reconsideration does not justify Defendant's extensive delay in filing its motion to disqualify. (See Doc. No. 59 at 11-12). The Court agrees with Plaintiff that Defendant's motives are tactical in nature: it is disingenuous for Defendant to claim that there is "no point" to filing a motion to disqualify when it perceives the case to be of low value, then to immediately turn and complain that the same conflict "create[s] a serious shroud of impropriety that threatens [Defendant]'s right to attorney loyalty and protection of its confidential information" as soon as the case appears more valuable. (See Doc. No. 54 at 16-18).

Regarding the fifth factor, Plaintiff, the non-moving party, would be severely prejudiced if the Court granted Defendant's motion and disqualified Cohen Seglias from further representing Plaintiff in this matter. Cohen Seglias has represented Plaintiff in this case since its inception nearly four years ago, and the Court will not disqualify the firm at this late stage based on an untimely motion to disqualify.

Upon consideration of the enumerated factors and the facts of this case, the Court finds that Defendant has waived its right to move for the disqualification of Cohen Seglias.[1]

---

[1] To be clear, the Court's finding does not relieve Cohen Seglias of its obligation to comply with the Pennsylvania Rules of Professional Conduct. See *Buschmeier*, 2007 U.S. Dist. LEXIS 85444 at *13 (explaining that through W.D. Local Rule 83.3.1, the United States District Court for the Western District of Pennsylvania has explicitly adopted the Pennsylvania Rules of Professional Conduct to govern the ethical standards for attorneys practicing within its district). As a reminder, Rule 1.10(b) requires that O'Connor and Sorek—if they acquired information protected by Rule 1.6 and 1.9(b)—be screened from any participation in this suit and be apportioned no part of the fee therefrom. See *Norfolk S. Ry. Co. v. Reading Blue Mountain & N. R.R. Co.*, 397 F. Supp. 2d 551, 553-54 (M.D. Pa. 2005).

## VI.  CONCLUSION

For the reasons stated above, Defendant has waived its right to move for the disqualification of Cohen Seglias. Accordingly, the Court will **DENY** Defendant's Motion to Disqualify (Doc. No. 53). An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAUER INCORPORATED, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HONEYWELL BUILDING SOLUTIONS )<br>SES CORPORATION, *f/d/b/a* SEMPRA )<br>ENERGY SERVICES, )<br>)<br>Defendant. ) | CIVIL ACTION NO. 3:08-92<br>JUDGE KIM R. GIBSON |

## ORDER

**AND NOW**, this 2nd day of February 2012, in accordance with the Memorandum, **IT IS HEREBY ORDERED** that Defendant's Motion to Disqualify Counsel (Doc. No. 53) is **DENIED**.

BY THE COURT:

_____
**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

8